MARK JUDGE v. WENONA ENDRISS.[1]

March 17, 1939.

No. 31,894.

[1]Reported in 284 N. W. 788.

*Cobb, Hoke, Benson, Krause & Faegre,* for appellant.

*Robert J. McDonald* and *William H. DeParcq,* for respondent.

LORING, JUSTICE.

In an action to recover for personal injuries and damage to property suffered in an automobile accident the plaintiff had a verdict, and the defendant, Wenona Endriss, comes here upon appeal from an order denying her blended motion for judgment or a new trial. She will hereafter be referred to as the defendant.

The sole question presented is whether or not the evidence justifies any verdict in favor of the plaintiff. The defendant contends that there is no evidence of negligence on her part and that the plaintiff was guilty of contributory negligence as a matter of law.

The accident occurred in the city of Minneapolis at a point about 18 or 20 feet south of the southern building line of Ninth street south on the west side of Marquette avenue at about 1:45 p. m. of September 10, 1936, a bright, fair day. The plaintiff was engaged in the drug business at the southwesterly corner of Marquette and Ninth street south. Just before the accident he had passed through that intersection from the north and had driven up with his Ford car to a point close to the right-hand curb and stopped in the only available parking space with the rear of his car about 12 feet southerly from the building line. The curb was so high at that point that his right door would not open, and it was necessary for him to alight from the left side of the car. There was a semaphore at the intersection of Ninth and Marquette. He must have passed it just before it turned against the Marquette traffic. He looked in his rearview mirror and saw that it stood at "stop" for Marquette and that there was a southbound streetcar stopped for the traffic signal and an automobile beside it also waiting for the sig-

nal to turn. This automobile turned out to be defendant's car. His evidence tends to show that he then turned toward his left door, saw the traffic signal still standing at "stop," opened the door, started to get out backwards, and when he had one foot on the running board and the other almost down to the pavement he heard a scream and was struck by defendant's car, thrown forward, and wedged between the steering wheel and other parts of the car. He suffered severe injuries. The defendant's story differs from this, but the verdict compels us to adopt the theory most favorable to the plaintiff.

The defendant contends that the plaintiff's evidence is not entitled to credence because the only visible mark on her car was a small dent on the right rear door, indicating, she contends, that plaintiff's door was opened against her car as she was passing abreast of plaintiff's car. There was no mark on her right front fender. This may, however, have been due to other causes, such as the bumper of defendant's car hitting the door of the Ford with such violence as to throw it back toward the south, the dent being inflicted by the rebound, which may not have taken place until the forward part of the car had passed. Or, as plaintiff contends, the door may not have opened far enough to hit the car until it had partly passed. The vagaries of injuries to cars and to passengers are not always susceptible of logical explanation.

Plaintiff's evidence might well have been believed by the jury to establish that defendant, without keeping a proper lookout, preceded the streetcar at a negligent speed without warning to plaintiff and that she struck him as he was alighting when she had room to pass to his left. His conduct as described by him was such as might well have been found to be ordinary care under the circumstances. Negligence and contributory negligence were questions of fact.

Order affirmed.

Mr. Justice Hilton, incapacitated by illness, took no part.